IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
November 22, 2023 01:46 PM
SX-2023-CV-00341
**TAMARA CHARLES**
**CLERK OF THE COURT**



IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| GOVERNMENT OF THE VIRGIN ISLANDS DEPARTMENT OF EDUCATION, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF TEACHERS, LOCAL 1826, AND ALL THOSE UNNAMED MEMBERS OF THE BARGAINING UNIT WHO ARE PARTICIPATING IN UNLAWFUL JOB ACTIONS, <br><br> Defendants. | **CIVIL CASE NO.: SX-2023-CV-00341** <br><br> ACTION FOR BREACH OF CONTRACT; TEMPORARY RESTRAINING ORDER; PRELIMINARY AND PERMANENT INJUNCTION; AND VIOLATION OF TITLE 24, CHAPTER 24. <br><br> 2023 VI SUPER 73U |

## MEMORANDUM OPINION AND ORDER

¶ 1    Pursuant to Plaintiff's ("DOE") Motion for Temporary/Permanent Restraining Order and Memorandum of Law in Support of Temporary Restraining Order ("Injunction Motion"), filed September 25, 2023, a Temporary Restraining Order ("TRO") was entered September 26, 2023, enjoining Defendants from striking or engaging in any type of work stoppage, requiring Defendant employees of DOE to return to work immediately. The TRO set a hearing on the Injunction Motion for September 29, 2023, for the parties to show cause why the Court should not enter a permanent injunction against Defendants. On September 28, 2023, Defendants filed their Motion to Dismiss.

¶ 2    Both Motions were heard at the September 29, 2023 hearing. The parties presented evidence and argument, following which the Court ruled from the Bench, memorialized by Order dated September 29, 2023, entered October 2, 2023, denying DOE's Injunction Motion, and denying Defendants' Motion to Dismiss with regard to vacating the TRO, but otherwise granting the Motion to Dismiss and dismissing Plaintiff's Complaint without prejudice. The reasons for the rulings on the Motions set out in the Court's Order are explained below.

### BACKGROUND

¶ 3    The evidence presented at the September 29, 2023 hearing established that before the beginning of the school day, on the morning of September 20, 2023, DOE's Insular Superintendent Dr. Ericilda Ottley-Herman received texts and calls advising her that American Federation of Teachers ("AFT") members were calling in sick or stating that they would be late for work. Later that morning, Insular Superintendent Ottley-Herman sent a letter to AFT President Rosa Soto-Thomas demanding that she address the job action and instruct AFT members to cease and desist and return to work. On September 20, 2023, as a result of the AFT members' action, DOE approved school closures in St. Croix for Pre-K6, Pre-K8 and John H. Woodson Jr. High, while

also approving early dismissal for the two affected St. Croix public high schools. Insular Superintendent Ottley-Herman and DOE leadership met with AFT President Soto-Thomas in the afternoon of September 20, 2023 to discuss the job action, asking whether AFT members would be returning to work. AFT President Soto-Thomas replied, "no guarantees." The job action continued on September 21, 2023 and September 22, 2023.

¶ 4    The three separate Collective Bargaining Agreements between DOE and AFT relating to Education Professionals, Support Staff and Paraprofessionals all had an effective date of September 1, 2020 and an expiration date of August 31, 2023. By agreement, the parties extended the term of the Collective Bargaining Agreements through October 31, 2023. All three of the Collective Bargaining Agreements affecting AFT members prohibit members from striking.[1]

## LEGAL STANDARD

¶ 5    Title 24 Section 375 of the Virgin Islands Code provides the following regarding strikes:

> (b) Employees in Class II bargaining units . . . may strike in the same manner, with the same options, and subject to the same limitations as is provided in subsection (a) of this section for employees in Class I units; Provided, however, That no strike by employees in Class II units is lawful after a judge of the division of the Superior Court with jurisdiction over the striking employees, after appropriate hearing, enjoins such strike; and Provided, further, That the exclusive representative shall give not less than 72 hours notice of an intent to strike to the public employer and the PERB before commencing any strike. The Superior Court shall enjoin a strike under this subsection upon the request of the public employer if the Court determines any of the following:
>
>> (1) that lawful notice of the intent to strike was not given; or
>>
>> (2) that the strike has, or if permitted to commence or continue will, seriously harm the health or safety of the public; or
>>
>> (3) the exclusive representative has not made a good faith attempt to reach an agreement; or
>>
>> (4) the strike is in violation of any provision of this chapter. If a strike is enjoined, the issues in dispute shall be decided by the impasse procedure provided by section 376 of this chapter.

24 V.I.C. § 375(b).

---

[1] "During the term of this Agreement, there shall be no lockout, strike, work stoppage or other action intended to disrupt the work of the Department. Participation by employees in an act violating this Section will be cause for immediate disciplinary action." Plaintiff's Hearing Exhibit ("Pl. Ex.") 2, Education Professionals CBA, Article I (C)(1); "During the term of this Agreement, there shall be no strike or other work slowdown, stoppage or lockout. Participation by Support Staff in an act violating this Section will be cause for immediate disciplinary action." Pl. Ex. 2, Support Staff CBA, Article XV (1); "During the term of this Agreement, there shall be no lockout, strike, work stoppage or other action intended to disrupt the work of the Department. Participation by employees in an act violating this Section will be cause for immediate disciplinary action." Pl. Ex. 2, Paraprofessionals CBA, Article XIV (1).

¶ 6     Class II bargaining units are defined as "[u]nits consisting of employees who perform services in which work stoppage may be sustained for a limited period of time but not an extended period of time without serious effects on the health and safety of the public." 24 V.I.C. § 371(a).[2]

¶ 7     The Supreme Court of the Virgin Islands has established four factors the Superior Court must consider when deciding whether to issue a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 550 (V.I. 2015).[3]

¶ 8     The burden is on the moving party to make some showing on all four factors. "[T]he Superior Court must evaluate the moving party's showing on all four factors under a sliding-scale standard." *Id.* at 557. "In conducting this sliding-scale analysis, the Superior Court must make findings on each of the four factors and determine whether — when the factors are considered together and weighed against one another — the moving party has made 'a clear showing that [it] is entitled to [injunctive] relief.'" *Id.* (quoting *Yusuf v. Hamed*, 59 V.I. 841, 847 (V.I. 2013)). In weighing the four factors, the first factor, the likelihood of success on the merits, is the most important factor. *See Tip Top Constr. Corp. v. Gov't of the V.I.*, 2014 V.I. Supreme LEXIS 15 *2 (V.I. Feb.14, 2014) ("Nevertheless, '[t]he first of these factors is ordinarily the most important.'") (citations omitted).

## DISCUSSION

¶ 9     DOE seeks to permanently enjoin Defendants "from continuing their illegal strike and/or work stoppage." Injunction Motion, at 1. At the outset, it is necessary to determine whether the actions of which DOE complains are properly characterized as a strike by AFT members. A strike is defined in the context of public employee labor relations in Title 24, Chapter 14 of the Virgin Islands Code as:

> the deliberate and concerted action of public employees to neglect to perform their duties, their willful absenting of themselves collectively from their work stations, their collective stoppage of work, or their collective abstinence in whole or in part from the full, faithful and proper performance of their duties for the purpose of inducing or influencing a change in the condition, compensation, rights, privileges, or obligations of their employment.

24 V.I.C. § 362(o).

---

[2] Both parties agree that the individuals represented by AFT are a class II bargaining unit.

[3] "The factors to be considered when evaluating a temporary restraining order request are the same factors courts consider when evaluating whether to issue a preliminary injunction." *Redfield v. Canegata*, 2016 V.I. LEXIS 39, *8 n.11 (V.I. Super. Apr. 20, 2016) (citations omitted).

¶ 10    At the September 29, 2023 hearing, AFT presented exhibits and members' testimony concerning conditions of the schools that preceded the job action, including complaints of excessive heat, no air conditioning, and windows that could not be opened. AFT members took temperature readings of over 90 degrees inside multiple classrooms over many days, such that people throughout the schools were profusely sweating and students rested their heads on their desks as if they have been beaten up. During the work stoppage, AFT members carried placards in front of certain schools expressing their dissatisfaction with working conditions and encouraged students to protest.

¶ 11    The evidence presented at the September 29, 2023 hearing, including the fact that AFT members were dissatisfied with working conditions prior to September 20, 2023, the number of AFT members not reporting to work on September 20-22, 2023 while visibly and audibly expressing their dissatisfaction, leads to the inescapable reasonable inference that AFT members engaged in a coordinated effort to neglect the performance of their employment duties for the purpose of influencing a change in the conditions of their employment. As such, the Court finds that AFT members engaged in a strike as defined by 24 V.I.C. § 362(o) during the period September 20-22, 2023.

¶ 12    All three Collective Bargaining Agreements prohibit AFT members from striking. The CBA between DOE and Education Professionals provides how DOE is to address a strike:

> In the event of a work stoppage or other action in violation of Section 1 of this Article, the Department shall notify the Union of any such act by the most expeditious and practicable means. Any such notification of violation of Paragraph 1, of this Section, properly documented, including but not limited to sending by certified or registered mail, facsimile with telephone confirmation, or hand-delivery with delivery confirmation, to the Union's official address shall be presumed to be received in accordance with local law. Upon receipt of notification, the Union shall instruct the employees engaged in such activity to terminate such activity forthwith.

Pl. Ex. 2, Education Professionals CBA, Article I (C)(2).

¶ 13    The Support Staff CBA provides:

> In the event of a strike or other violation of Section 1 of this Article, the Department shall notify the Union of any such act by the most expeditious and practicable means. Upon receipt thereof, the Union shall instruct the Support Staff engaged in such activity to terminate such strike or other disruption forthwith.

Pl. Ex. 2, Support Staff CBA, Article XV (2).

¶ 14    The Paraprofessionals CBA provides:

> In the event of a work stoppage or other action in violation of Section 1 of this Article, the Department shall notify the Union of any such act by the most expeditious and practicable means. Upon receipt of notification, the Union shall instruct the employees engaged in such activity to terminate such activity forthwith.

Pl. Ex. 2, Paraprofessionals CBA, Article XIV (2).

¶ 15    As required by the CBAs, DOE gave prompt notice of the strike to AFT by Insular Superintendent Ottley-Herman's September 20, 2023 letter to AFT President Soto-Thomas. Pl. Ex. 3. Notwithstanding that notice, the hearing evidence established that the job action continued on September 21, 2023 and September 22, 2023, without any effective instruction from AFT to its members to terminate the job action. That initial and continued job action constituted a violation of the CBAs, that was enjoined by the TRO entered September 26, 2023.

¶ 16    The Complaint herein was filed September 25, 2023, accompanied by the Injunction Motion, dated September 22, 2023, on which date the strike appeared to be ongoing.

¶ 17    The Virgin Islands Code provides that the Superior Court must enjoin a strike upon the request of the public employer if it determines:

> (1) that lawful notice of the intent to strike was not given; or
>
> (2) that the strike has, or if permitted to commence or continue will, seriously harm the health or safety of the public; or
>
> (3) the exclusive representative has not made a good faith attempt to reach an agreement; or
>
> (4) the strike is in violation of any provision of this chapter. If a strike is enjoined, the issues in dispute shall be decided by the impasse procedure provided by section 376 of this chapter.

24 V.I.C. § 375(b).

¶ 18    The Court issued the TRO based upon DOE's Complaint and Injunction Motion, it appearing that no notice of an intent to strike had been given by AFT to DOE, and that if the strike were permitted to continue, there would be serious harm to the health and safety of public school students and the community, setting hearing on September 29, 2023 to determine whether a permanent injunction should enter against AFT and its members.

¶ 19    The movant's probability of success on the merits is the first and most important factor in determining whether to grant a preliminary or permanent injunction. *See Tip Top Constr. Corp.*, 2014 V.I. Supreme LEXIS 15, at *2. To show a reasonable probability of success on the merits, the movant "must introduce evidence supporting each element of his cause of action," but does "not need to show that he will actually prevail on the merits at trial, or that his success is 'more likely than not,' only that he has 'a reasonable chance, or probability, of winning.'" *Yusuf*, 59 V.I. at 849 (citations omitted).

¶ 20    Insular Superintendent Ottley-Herman testified that during the week beginning Monday, September 25, 2023, no schools were closed by any job action of AFT members. The only division affected by an employee action that week was in the special education division where three or four of the five or six bus driver employees, and paraprofessionals who rode the busses to assist the

special needs students, did not report to work, out of the hundreds of AFT members employed by DOE in St. Croix.

¶ 21    The failure of a few bus drivers and paraprofessionals, in one division, to report to work cannot be deemed a continuation of the job action of the prior week because there was no collective action of AFT members. The evidence showed that during the week of September 25, 2023, there was no "willful absenting of themselves collectively from their work stations" by AFT members and, therefore, there was no continuing strike as defined by 24 V.I.C. § 362(o). In essence, the relief sought by DOE had already been realized by September 25 when DOE filed its Complaint and Injunction Motion, such that the first and most important factor in this analysis is weighed against DOE which cannot succeed on the merits to enjoin a strike that is no longer ongoing.

¶ 22    The second factor considers whether DOE will suffer irreparable harm by the denial of injunctive relief. Irreparable harm is "certain and imminent harm for which a monetary award does not adequately compensate." *Yusuf*, 59 V.I. at 854. Because there is no ongoing strike of AFT members, there are no schools closed and educational instruction is back to its pre-September 20, 2023 status quo, there is no irreparable harm to DOE by the denial of injunctive relief.

¶ 23    The third factor addresses whether AFT, as the nonmovant, would be irreparably harmed by the issuance of a preliminary or permanent injunction. "One of the goals of the preliminary injunction analysis is to maintain the status quo, defined as 'the last, peaceable, noncontested status of the parties.'" *Yusuf*, 59 V.I. at 856 (citations omitted).

¶ 24    AFT members, bound by their CBAs, are prohibited from striking, for which they would face immediate disciplinary action. AFT members are also statutorily prohibited from striking by 24 V.I.C. § 375(b), the basis upon which the Court granted the September 26, 2023 TRO. As DOE has failed to present evidence of any concerted action constituting a strike continuing on or after September 25, 2023, no injunctive relief against AFT and its members is warranted, and any such superfluous injunction could constitute irreparable harm against Defendants.

¶ 25    The final factor looks to the public interest. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction," and in doing so "should seek to prevent the parties from halting 'specific acts presumptively benefiting the public . . . until the merits [can] be reached and a determination made as to what justice require[s].'" *Yusuf*, 59 V.I. at 857-58 (citations omitted). The public interest is best served by the resolution of disputes between DOE and AFT and its members through the mechanisms provided in their CBAs, allowing the children of the Virgin Islands to receive continuous and uninterrupted education.

¶ 26    Because the evidence establishes that AFT members are reporting to work and the schools are operating as they were prior to the strike, there is no public interest served by the Court granting the relief sought by DOE. There is no current strike, AFT and its members are bound through the

CBAs and statutory law from engaging in a strike, such that any action by the Court on this record to grant injunctive relief sought by DOE is wholly unnecessary, would be meaningless, and is not in the public interest.

¶ 27 All factors considered in analyzing DOE's prayer for injunctive relief weigh against DOE and in favor of Defendants. Accordingly, it is for the reasons elucidated herein that by its September 29, 2023 Order, the Court denied DOE's Injunction Motion. On the basis of the same facts and law, the Court denied Defendants' Motion to Dismiss, insofar as it sought vacatur of the September 26, 2023 TRO. Because there had been a concerted job action beginning September 20, 2023, issuance of the TRO was proper. Because that concerted action had concluded by the September 29, 2023 hearing, the Court permitted the TRO to expire according to its terms, at 5:00 p.m. on that same day of the September 29, 2023 hearing. For the reasons stated, the Court further granted Defendants' Motion to Dismiss seeking dismissal of Plaintiff's Complaint and dismissed DOE's Complaint without prejudice.

SO ORDERED this 22nd day of November, 2023.

*/s/ Douglas A. Brady*
DOUGLAS A. BRADY, JUDGE

**ATTEST:**
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk ~~Supervisor~~ II
November 22, 2023

**IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS**

**FILED**
November 22, 2023 01:51 PM
SX-2023-CV-00341
**TAMARA CHARLES
CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

| | |
|---|---|
| **Government of the Virgin Islands Office of Collective Bargaining,**<br>**Plaintiff**<br><br>**v.**<br><br>**American Federation of Teachers Local 1826 (AFT),**<br>**Defendant.** | Case Number: **SX-2023-CV-00341**<br>Action: **Preliminary Injunction** |

## NOTICE of ENTRY
## of
## <u>Order</u>

**To:** Zuleyma Marie Chapman, Esq.          Ryan Christopher Stutzman, Esq.

**Please take notice that on November 22, 2023** a(n) _____ **Memorandum Opinion and Order** dated ___November 22, 2023___ **was/were entered by the Clerk in the above-titled matter.**

**Dated:** **November 22, 2023**                         **Tamara Charles**
_____                         _____
                                                        **Clerk of the Court**

                              By: _____

                                   _____
                                   **Brianna Primus**
                                   **Court Clerk II**